IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **NOVELPOINT TRACKING LLC**<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>**FORD MOTOR COMPANY**<br><br>　　　　　Defendant. | **Case No. 6:12-cv-832**<br><br>**PATENT CASE**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

NovelPoint Tracking LLC files this Complaint against Ford Motor Company for infringement of United States Patent Nos. 6,266,617 and 6,442,485.

## THE PARTIES

1.　　Plaintiff NovelPoint Tracking LLC ("NPT") is a Texas limited liability company with its principal place of business at 1300 Ballantrae Dr., Allen TX, 75013 in the Eastern District of Texas.

2.　　Defendant Ford Motor Company ("Ford") is a Delaware Corporation with its principal place of business at 1 American Road, Ford World Headquarters, Room 612, Dearborn, Michigan 48126.  Ford's Texas website exclusively directs inquiries made by persons such as NPT (with a zip code of 75013) to its Texas dealers, listing first a dealer in the Eastern District of Texas.

## NATURE OF THE ACTION

3.　　This is a civil action for infringement of United States Patent Nos. 6,442,485 and 6,266,617, arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents).

5.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1400(b) because Defendants have committed acts of infringement in this district and are deemed to reside in this district for purposes of this action.

6.     This Court has personal jurisdiction over Defendants and venue is proper in this district because Defendants have committed, and continue to commit, acts of infringement in the State of Texas, including in this district and/or have engaged in continuous and systematic activities in the State of Texas, including in this district.

## THE PATENTS-IN-SUIT

7.     United States Patent No. 6,226,617 ("the '617 patent"), entitled "Method and Apparatus for an Automatic Vehicle Location, Collision Notification and Synthetic Voice," was duly and legally issued by the United States Patent and Trademark Office on July 24, 2001.  A copy of the '617 patent is attached hereto as Exhibit A.

8.     United States Patent No. 6,442,485 ("the '485 patent"), entitled "Method and Apparatus for an Automatic Vehicle Location, Collision Notification, and Synthetic Voice," was duly and legally issued by the United States Patent and Trademark Office on August 27, 2002. A copy of the '485 patent is attached hereto as Exhibit B.

9.     NPT is the exclusive owner of all rights, title, and interest in the '617 patent and the '485 patent (collectively the "patents in suit"), including the right to exclude others and to enforce, sue and recover damages for past and future infringement thereof.

## COUNT I:  INFRINGEMENT OF THE '617 PATENT

10. NPT incorporates paragraphs 1 through 9 by reference as if fully stated herein.

11. The '617 patent is valid and enforceable.

12. Ford has directly infringed, and continues to directly infringe, one or more claims of the '617 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by making, using, selling, offering for sale, and/or importing products and/or methods encompassed by those claims.

13. Third parties, including Ford's affiliates, dealers, and customers, have infringed, and continue to infringe, one or more claims of the '617 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by using, selling, and/or offering for sale in the United States, and/or importing into the United States, products supplied by Defendants.

14. Upon information and belief, based on the information presently available to NPT, absent discovery, and in the alternative to direct infringement, NPT contends that Ford has induced infringement, and continues to induce infringement, of one or more claims of the '617 patent under 35 U.S.C. § 271(b).  Ford has actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '617 patent by making, using, importing, and selling or otherwise supplying products to third parties, including at a minimum its affiliates, dealers, and customers, with the knowledge and intent that such third parties will use, sell, offer for sale, and/or import, products supplied by Ford to infringe the '617 patent; and with the knowledge and intent to encourage and facilitate the infringement through the dissemination of the products and/or the creation and dissemination of promotional and marketing materials, supporting materials, instructions, product manuals, and/or technical information related to such products.

15. Upon information and belief, based on the information presently available to NPT, absent discovery, and in the alternative to direct infringement, NPT contends that Ford has contributed, and continues to contribute, to the infringement by third parties (including its affiliates, dealers, and customers) of one or more claims of the '617 patent under 35 U.S.C. § 271(c) by selling, offering for sale, and/or importing Ford's products, knowing that those products constitute a material part of the inventions of the '617 patent, knowing that those products are especially made or adapted to infringe the '617 patent, and knowing that those products are not staple articles of commerce suitable for substantial noninfringing use.

16. Ford's Ford SYNC is an example of an infringing product and/or method.

17. NPT put Ford on notice of the '617 patent and such Ford's infringement thereof at least as early as the date of filing of this complaint.

18. NPT has been and continues to be damaged by Ford's infringement of the '617 patent.

19. Ford's actions complained of herein are causing irreparable harm and damages to NPT and will continue to do so unless and until Ford is enjoined and restrained by the Court.

20. Ford's conduct in infringing the '617 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

### COUNT II:  INFRINGEMENT OF THE '485 PATENT

21. NPT incorporates paragraphs 1 through 20 by reference as if fully stated herein.

22. The '485 patent is valid and enforceable.

23. Ford has directly infringed, and continues to directly infringe, one or more claims of the '485 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of

equivalents, by making, using, selling, offering for sale, and/or importing products and/or methods encompassed by those claims.

24.     Third parties, including Ford's affiliates, dealers, and customers, have infringed, and continue to infringe, one or more claims of the '485 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by using, selling, and/or offering for sale in the United States, and/or importing into the United States, products supplied by Ford.

25.     Upon information and belief, based on the information presently available to NPT, absent discovery, and in the alternative to direct infringement, NPT contends that Ford has induced infringement, and continues to induce infringement, of one or more claims of the '485 patent under 35 U.S.C. § 271(b). Ford has actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '485 patent by making, using, importing, and selling or otherwise supplying products to third parties, including at a minimum its affiliates, dealers, and customers, with the knowledge and intent that such third parties will use, sell, offer for sale, and/or import, products supplied by Ford to infringe the '485 patent; and with the knowledge and intent to encourage and facilitate the infringement through the dissemination of the products and/or the creation and dissemination of promotional and marketing materials, supporting materials, instructions, product manuals, and/or technical information related to such products.

26.     Upon information and belief, based on the information presently available to NPT, absent discovery, and in the alternative to direct infringement, NPT contends that Ford has contributed, and continues to contribute, to the infringement by third parties (including its affiliates, dealers, and customers) of one or more claims of the '485 patent under 35 U.S.C. § 271(c) by selling, offering for sale, and/or importing Ford's products, knowing that those

products constitute a material part of the inventions of the '485 patent, knowing that those products are especially made or adapted to infringe the '485 patent, and knowing that those products are not staple articles of commerce suitable for substantial noninfringing use.

27. Ford's Ford SYNC is an example of an infringing product and/or method.

28. NPT put Ford on notice of the '485 patent and Ford's infringement thereof at least as early as the date of filing of this complaint.

29. NPT has been and continues to be damaged by Ford's infringement of the '485 patent.

30. Ford's actions complained of herein are causing irreparable harm and damages to NPT and will continue to do so unless and until Ford is enjoined and restrained by the Court.

31. Ford's conduct in infringing the '485 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## JURY DEMAND

32. Plaintiff NPT hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, NPT prays for judgment as follows:

A. That Ford has infringed one or more claims of the patent-in-suit;

B. That Ford account for and pay all damages necessary to adequately compensate NPT for infringement of the patent-in-suit, such damages to be determined by a jury, and that such damages be trebled and awarded to NPT with pre-judgment and post-judgment interest;

C. That Ford and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert or actively participating with them, be permanently enjoined from directly or indirectly infringing the patent-in-suit; or,

in the alternative, judgment that Ford account for and pay to NPT an ongoing post-judgment royalty reflecting Ford's deliberate continuing infringement;

   D. That this case be declared an exceptional case within the meaning of 35 U.S.C. § 285 and that NPT be awarded the attorney fees, costs, and expenses that it incurs prosecuting this action; and

   E. That NPT be awarded such other and further relief as this Court deems just and proper.

DATED:  October 31, 2012      Respectfully submitted,

             __/s/  Everett Upshaw_____
             Everett Upshaw
             LAW OFFICE OF EVERETT UPSHAW, PLLC
             13901 Midway Rd. Suite 102-208
             Dallas TX  75244
             P:  214.680.6005
             everettupshaw@everettupshaw.com

             ***ATTORNEY FOR PLAINTIFF***